UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC FRENEY<br>720 East 127th street<br>Cleveland, OH 44108 | )<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff, | )<br>) | MAGISTRATE JUDGE |
| vs. | )<br>) | **PLAINTIFF'S COMPLAINT** |
| HEZ ENTERPRISES LLC<br>11212 Avon Avenue<br>Cleveland, Ohio 44105 | )<br>)<br>)<br>) | (Jury Demand Endorsed Herein) |
| and | ) | |
| LAMONT RUMPH<br>c/o Hez Enterprises LLC<br>11212 Avon Avenue<br>Cleveland, Ohio 44105 | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Now comes Plaintiff, Cedric Freney, by and through counsel, and for his Complaint against Hez Enterprises LLC and Lamount Rumph, (collectively "Hez Enterprises"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

Parties

5. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At times relevant herein, Defendants maintained its principal place of business in Cuyahoga County, Ohio.

8. At all times relevant herein, Defendants were an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

12. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

13. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS
### (Failure to Pay For All Hours Worked)

14. Defendants are in the construction and demolition business and provide construction and demolition services to its customers.

15. Plaintiff Cedric Freney was employed by Defendants as a truck driver between July 2012 and March 4, 2016.

16. Defendant paid Plaintiff an hourly rate.

17. Plaintiff's shift was from 7:00 a.m. to 4:00 p.m.

18. Plaintiff punched in 10 minutes prior to the start of his shift to inspect his truck. Defendants required Plaintiff to inspect his truck each day. Plaintiff was only paid for work performed between his scheduled start and stop times, and was not paid for inspecting his truck before his scheduled start time.

### (Failure to Pay Overtime Compensation)

19. Defendants failed to pay Plaintiff overtime compensation for the hours he worked over 40 each workweek.

20. Plaintiff estimates that he would work approximately 45 hours each week.

21. Defendants had knowledge that Plaintiff worked over 40 hours per week.

22. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for all of the hours he worked in excess of 40 hours each week.

### (Failure to pay for on-duty meal periods)

23. Defendants did not provide Plaintiff with bona fide meal periods during which he was completely relived from duty.

24. Defendants deducted 30 or 60 minutes from Plaintiff's time card each day for a meal period, despite the fact that Plaintiff frequently did not receive meal periods and/or performed work during meal periods.

25. During the time that was considered his meal period, Plaintiff was required to keep working on-site.

26. Plaintiff's supervisor(s)/manager(s) observed that he frequently did not receive meal periods and/or performed work during meal periods.

27. As a result of Defendants' failure to pay Plaintiff for meal periods during which he performed work, Plaintiff was denied significant amounts of overtime compensation.

28. Plaintiff estimates that he performed work during his meal periods approximately 5 days per week.

29. Defendants knowingly and willfully failed to pay Plaintiff for meal periods during which he performed work.

### (Defendant Willfully Violated the FLSA)

30. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Overtime Violations)

4

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Defendants' practice and policy of failing to pay Plaintiff overtime compensation at the rate of one and one-half his regular rate of pay for all of the hours he worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

33. Defendants' practice and policy of not paying Plaintiff for meal periods during which he performed worked violated the FLSA, 29 C.F.R. 785.19.

34. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

35. As a result of Defendants' practices and policies, Plaintiff has been damaged in that he had not received wages due to him pursuant to the FLSA.

## COUNT TWO
### (OMFWSA Overtime Violations)

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Defendants' practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

38. Defendants' practice and policy of not paying Plaintiff for meal periods during which he performed worked violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

39. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

40. As a result of Defendants' practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court find Defendants jointly and severally liable, and:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E. Award Plaintiff further and additional relief as this Court deems just and proper.

    Respectfully submitted,

    /s/ Lori M. Griffin
    Lori M. Griffin (0085241)
    Chastity L. Christy (0076977)
    Anthony J. Lazzaro (0077962)
    The Lazzaro Law Firm, LLC
    920 Rockefeller Building
    614 W. Superior Avenue
    Cleveland, Ohio 44113
    Phone: 216-696-5000
    Facsimile: 216-696-7005
    lori@lazzarolawfirm.com
    chastity@lazzarolawfirm.com
    anthony@lazzarolawfirm.com
    Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

    /s/ Lori M. Griffin
    One of the Attorneys for Plaintiff