IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC FRENEY, | ) | CASE NO. 1:16 CV 2492 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| HEZ ENTERPRISES, LLC, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

## Introduction

Before me[1] in this matter arising under the Fair Labor Standards Act[2] is a motion by plaintiff Cedric Freney for attorney fees.[3] Defendants Hez Enterprises, LLC and Lamont Rumph have responded by asking that Freney's motion be dismissed for lack of jurisdiction.[4] Freney has opposed that motion.[5] The defendants have subsequently moved for a hearing at which Freney could be examined as to his motion for fees.[6] Freney has opposed that motion.[7]

---

[1]By consent of the parties, the matter was transferred to me by Chief United States District Judge Patricia A. Gaughan. ECF No. 18.

[2]29 U.S.C. 201, *et seq*.

[3]ECF No. 37.

[4]ECF No. 38.

[5]ECF No. 41.

[6]ECF No. 42.

[7]ECF No. 43.

## Facts

These interconnected motions flow out of a rather unusual series of facts. On November 12, 2017, while a motion by Freney concerning sanctions was pending,[8] Freney and defendant Rumph – without the knowledge or consent of their counsel – reached a settlement of this case. That settlement was in writing, signed by each, and notarized.[9] Freney accepted a check in the amount of $3,500 as full settlement of all his claims.[10]

Acting *pro se*, and in accord with the written terms of the settlement, Freney filed a notice of dismissal of his claims with prejudice.[11] That filing was immediately withdrawn by Freney's counsel.[12] The withdrawal filing maintains that Freney did not draft the original dismissal entry nor did he intend to dismiss his case.[13] At a status conference with the Court a month later, the parties represented that although they are "continu[ing] to discuss settlement," they did not as yet have an agreement to present to the Court "consistent with requirements of the Fair Labor Standards Act."[14] Freney's present motion for fees was filed very shortly thereafter.

---

[8]ECF No. 23.
[9]ECF No. 38, Attachment 1.
[10]*Id.*
[11]ECF No. 25.
[12]ECF No. 26.
[13]*Id.*
[14]ECF No. 36.

## Analysis

Simply put, Freney's motion for attorney fees contends that the settlement agreement first must be approved by the court before it can be enforced, and that because this agreement has not been so approved, it may not now preclude an award of attorney fees to Freney's counsel.[15] Defendants counter that the settlement is an enforceable contract, and that if attorney fees are owed to Freney's counsel, it is Freney himself who is obligated to pay them by the express terms of the settlement agreement.[16]

No settlement agreement has been filed with me for approval. Indeed, at the status conference in December 2017, referenced above, specific affirmative representations were made to the Court that the parties were continuing to discuss settlement and that they do not yet have a settlement to present to the Court. For one party to now insist on the recognition and enforcement of an agreement whose very existence was denied to the Court is to risk the invocation of judicial estoppel to protect the integrity of the court and its proceedings.[17]

Further, as the same status conference and this Court's docket both make plain, this case remains open and pending. Any motion at this time for fees and costs is therefore premature.

---

[15] ECF No. 37.

[16] ECF No. 38.

[17] *Newman v. Univ. of Dayton*, No. 3:17-cv-179, 2017 WL 4919225, at *4 (S.D. Ohio Oct. 31, 2017) (citations omitted).

Accordingly, all pending motions are denied without prejudice.

Inasmuch as the deadlines set by the prior status conference for filing dispositive motions have expired,[18] I direct that the case management plan be amended so that motions for summary judgment are due by September 21, 2018. In the alternative, a motion for approval of a settlement is due at the same time. No additional extensions are contemplated.

Dated: August 21, 2018 s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[18]ECF No. 34.