IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC FRENEY, | ) | CASE NO. 1:16 CV 2492 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| HEZ ENTERPRISES LLC, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendants. | ) | **ORDER** |

Before me[1] in this matter arising under the Fair Labor Standards Act[2] is a motion by defendant Hez Enterprises, LLC to approve a settlement and, in accord with its terms, to dismiss the complaint with prejudice.[3] Plaintiff Cedric Freney opposes that motion[4] and has moved for summary judgment.[5] Defendants have responded to Freney's motion for summary judgment.[6]

The relevant facts to determining these motions were set forth in my order of August 21, 2018.[7] Chief among them is the fact that no settlement agreement was presented to me for approval, but rather the parties jointly represented to me that they were continuing to discuss settlement and **did not then have a settlement.**[8] As noted then, to now insist on

---

[1] The parties have consented to my exercise of jurisdiction. ECF No. 18.
[2] 29 U.S.C. §§ 201, *et seq*.
[3] ECF No. 45.
[4] ECF No. 49.
[5] ECF No. 46.
[6] ECF No. 50
[7] ECF No. 44.
[8] *Id.* at 3.

the enforcement of a "settlement" that has been explicitly denied is to risk invocation of judicial estoppel to protect the integrity of this Court and its proceedings.[9]

Hez now essentially seeks to enforce a settlement it previously said didn't exist. Accordingly, for the clear reasons previously stated, that motion is denied as barred by the doctrine of judicial estoppel. I trust this re-statement is clear and will suffice to preclude any additional attempt to rely on this issue.

Freney's motion for summary judgment discloses that the amount claimed by Freney in overtime compensation and liquidated damages is approximately $2,000.[10] He also seeks a hearing to determine reasonable attorney fees and costs.[11]

The overall amount at issue in this matter – which has been consuming attorney time and court resources for nearly two full years – is relatively small, even by the plaintiff's calculations. In addition, the parties have not represented, and the record does not disclose, that any serious discussion of settlement has taken place since my August 2018 order.

Therefore, in addition to denying Hez's motion to dismiss and to enforce the settlement agreement,[12] I stay consideration of Freney's motion for summary judgment[13] pending the results of a conference between the parties directed to the final resolution of this matter. This conference is to include all parties and counsel and is to be conducted in my chambers on **Tuesday, October 16, 2018**, commencing at 10 a.m. and proceeding until

---

[9] *Id.* (citation omitted).
[10] ECF No. 46 at 3, 4, 9.
[11] *Id.* at 11.
[12] ECF No. 45.
[13] ECF No. 46.

4 p.m. All parties and counsel are required to attend in person. If not successful at the end of the time period specified, a joint submission is to be filed on the record detailing with specificity what matters remain unresolved.

    IT IS SO ORDERED.


Dated: October 5, 2018                    <u>s/ William H. Baughman, Jr.</u>
                                                       United States Magistrate Judge