## SETTLEMENT AGREEMENT
## AND RELEASE OF CLAIMS

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Plaintiff Cedric Freney, and Defendants HEZ Enterprises LLC and Lamont Rumph agree to the terms of this Joint Stipulation of Settlement and Release.

### DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Freney v. HEZ Enterprises LLC, et al*, Case No. 1:16-cv-02492.

2. "Plaintiff's Counsel" shall mean Lori M. Griffin, Anthony J. Lazzaro, and Chastity L. Christy of The Lazzaro Law Firm, LLC.

3. "Defendants" shall mean HEZ Enterprises LLC and Lamont Rumph together with all its former, current and respective officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

4. "Parties" shall mean the Plaintiff and Defendants, and "Party" shall mean any one of the Parties.

5. "Final" shall mean the date the Court has approved the Settlement.

6. "Settlement" shall mean this Joint Stipulation of Settlement and Release.

### RECITALS

7. On October 11, 2016, Plaintiff commenced the Action with respect to the claims he asserted.

8. In the Action, Plaintiff alleged that Defendants failed to pay him overtime compensation under the Fair Labor Standards Act ("FLSA").

9. Defendants deny any liability or wrongdoing of any kind. The Parties agree that a bona fide dispute exists regarding Plaintiff's claims, including whether and how many overtime hours Plaintiff worked, whether Defendants acted in good faith, and whether any alleged violation of the FLSA was willful.

10. On September 12, 2017, October 30, 2017, November 2, 2018, and November 27, 2018 the Parties attended mediation before Magistrate Judge William H. Baughman, Jr. in an attempt to reach a settlement.

11. Plaintiff's Counsel represents that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiff's claims

1

against Defendants, including reviewing relevant documents, and researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiff's Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of Plaintiff in light of all known facts and circumstances, including the risk of significant delay and Defendants' defenses. Defendants agree that the Settlement is fair, adequate and reasonable.

12. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendants that Plaintiff's claims in the Action have merit or that Defendants have any liability to Plaintiff on those claims.

## SETTLEMENT PAYMENTS AND DISTRIBUTION

13. **Total Settlement Payment:** The Total Settlement Payment is $ 16,000.00 including: (a) the Settlement payment to Plaintiff; and (b) Plaintiff's Counsel's attorneys' fees and expenses.

14. **Payment to Plaintiff:** Three Thousand Five Hundred Dollars ($3,500.00) of the Total Settlement Payment has already been paid to Plaintiff.

15. **Treatment of Plaintiff's Settlement Payment:** Plaintiff's settlement payment of $3,500.00 will be reported on an IRS Form 1099-MISC.

16. **Plaintiff's Counsel's Attorneys' Fees and Costs:** $ 12,500.00 of the Total Settlement Payment will be paid to Plaintiff's Counsel for attorneys' fees and ~~and~~ expenses. Plaintiff's Counsel will provide a Form W-9 with respect to the attorneys' fees and expenses, and Defendants will issue to Plaintiff's Counsel a Form 1099.

17. **Distribution Process:** Defendants will mail Plaintiff's Counsel's attorneys' fees and costs to the office of Plaintiff's Counsel ~~within ten (10) days of the Court approving the Settlement. Separate checks will be issued to Plaintiff and Plaintiff's Counsel.~~ in accordance with the following schedule:
($6,250.00) 1/2 due 30 days after the court approves the settlement
($6,250.00) other 1/2 due 30 days after the first payment.

18. **Dismissal With Prejudice of the Action:** Upon entry of the Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## MUTUAL RELEASE OF CLAIMS

19. **Release of Claims:** The Plaintiff will release Defendants from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and the Ohio Minimum

2

Fair Wage Standards Act through the date of this Agreement. Excluded from this release are claims which cannot be waived or released as a matter of law.

20. **Mutual Release of All Other Claims.** Defendants and Plaintiff hereby mutually release each other from any and all claims which either Plaintiff or Defendants may have against the other as of the date of the execution of this Agreement, whether known or unknown, including but not limited to any and all claims under state or federal law governing the terms and conditions of employment and the termination thereof, including retaliation for bringing any of the Released Claims. This release shall be construed broadly to encompass any claim which could have been brought, including but not limited to any claim that could have been brought in the Subject Matter, or any counterclaim which could have been asserted in the Subject Matter, whether compulsory or otherwise. In light of this release, Defendants and Plaintiff agree not to file any claim in any court relating in any way to any claim released herein. If this provision is breached, the breaching party will liable to the non-breaching party for reasonable attorneys' fees and costs.

21. **Released Period:** The Released Period shall mean the period of three years prior to the date the action was filed through and including the date on which the Court gives approval of the settlement.

22. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiff's Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action. In consideration for these attorneys' fees and expenses, Plaintiff's Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

23. The entry of final judgment in the Action shall release all claims set forth in this entire Section of the Settlement.

24. **Neutral Reference:** Upon request from prospective Defendants of Plaintiff, Defendants agrees to provide a neutral reference, confirming the fact of Plaintiff's former employment, starting and ending dates of employment, and former job titles

## DUTIES OF THE PARTIES AND/OR THEIR COUNSEL

25. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

26. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the Court.

27. **Joint Motion for Approval of Settlement:** The Parties will jointly move the Court for the entry of an order approving the Settlement on or before December 7, 2018.

## PARTIES' AUTHORITY

28. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

29. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

30. The Parties and Plaintiff's Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

31. Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, and Defendants deny any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

32. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement

## MODIFICATION

33. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

34. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or

written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are void and unenforceable. No rights under this Settlement may be waived except in writing signed by the Parties and approved by the Court.

## BINDING ON ASSIGNS

35. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

36. This Agreement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

## BREACH

37. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

38. The parties will request that the Court retain jurisdiction to enforce the terms of the Settlement.

Date: 11/27/18  Nov 27, 2018

Cedric Freney (Nov 27, 2018)

Cedric Freney

Date: 11-27-18

HEZ Enterprises, LLC

By: _____ R Swin Rumph

Its: PRESIDENT

Date: 11-27-18

Lamont Rumph

5

Dated: 11/27/18

LORI M. GRIFFIN
THE LAZZARO LAW FIRM, LLC

Attorney for Plaintiff

Dated: ~~12/30/18~~ RCB.II
11-27-18

ROBERT BROOKS

Attorney for Defendants